# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

**DAVE NEIL SPEEDIE,**

**Petitioner,**

**v.**

**ALEXI DAWN SPEEDIE,**

**Respondent.**

The Honorable John H. Chun

No. 2:26-cv-00345-JHC

**PRETRIAL ORDER**

## JURISDICTION

Jurisdiction is vested in this court by virtue of:

The Court has federal jurisdiction under the International Child Abduction Remedies Act ("ICARA") § 9003 because this case involves the alleged retention of two children under the age of

1

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

sixteen (16) in the United States from their alleged habitual residence of Canada. Congress has specifically granted concurrent original jurisdiction to the federal court of actions arising under the Hague Convention. ICARA § 9003. Neither party disputes jurisdiction.

**CLAIMS AND DEFENSES**

**<u>PETITIONER</u>**

The Petitioner will pursue at trial the following claims:

Father brings the following claims: (A) a claim for return of the parties' children to Canada under the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and ICARA, 22 U.S.C. § 9001 *et seq.*; and (B) a claim under ICARA § 9007 for necessary expenses relating to the return of the children.

Father seeks an order for return of the children to Canada. Thereafter, and in accordance with the schedule and procedure set forth in this Court's Local Rule 54, Father will seek an order and judgment against Mother for an award of necessary expenses, including court costs and transportation costs, relating to return of the children in accordance with ICARA § 9007, Federal Rule of Civil Procedure 54, and Local Rule 54.

**<u>RESPONDENT</u>**

Respondent will pursue the following defenses and affirmative defenses at trial:

Respondent denies that Petitioner is entitled to the requested relief and denies that Petitioner can establish the elements necessary to prove his prima facie case under the Hague Convention. Respondent further asserts the affirmative defense under Article 13(b) of the Hague Convention that return of the

2

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

children to Canada would expose the children to a grave risk of physical or psychological harm or otherwise place the children in an intolerable situation.

Respondent additionally asserts that separation of the joint minor children from their older siblings, K.N. and A.N., in the event the Court finds grave risk as to A.N. or the non-joint older children, would itself create a grave risk of emotional and psychological harm to the joint minor children.

Respondent requests that the Petition for Return of Children be denied.

## ADMITTED FACTS

The following facts are admitted by the parties:

1.      The parties were married on February 20, 2017, in Fort Langley, British Columbia. Dkt. #26, ¶ 11, Dkt. #32, ¶ 11.

2.      The parties are the parents of two children, LS (boy, born in 2018) and IS (girl, born in 2024) (collectively the "children"). Dkt. #26, ¶ 12, Dkt. #32, ¶ 12.

3.      LS and IS are both under the age of sixteen (16). Dkt. #26, ¶ 49, Dkt. #32, ¶ 49.

4.      The children are currently located within the Western District of Washington. Dkt. #26, ¶ 8, Dkt. #32, ¶ 8.

5.      Father is a Canadian citizen. Dkt. #26, ¶ 14, Dkt. #32, ¶ 14.

6.      Mother is a homemaker. Dkt. #26, ¶ 18, Dkt. #32, ¶ 18.

7.      On or about October 9, 2025, Mother filed a Domestic Violence Protection Order ("DVRO") in state court in Whatcom County, Washington, Case Number 25-2-02128-37. Dkt. #26, ¶ 25, Dkt. #32, ¶ 25.

3

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

8. On or about December 8, 2025, the Whatcom County court stated that it would assume permanent jurisdiction unless British Columbia established communication with it; and that any foreign order would have to be approved by a Whatcom County judge. Dkt. #26, ¶ 27, Dkt. #32, ¶ 27.

## ISSUES OF LAW

The following are the issues of law to be determined by the court:

## PETITIONER

### 1. Petitioner's Prima Facie Case

To meet his prima facie burden, Father must establish by a preponderance of the evidence: (1) that the children's habitual residence immediately prior to the date of retention was Canada; (2) that Father had rights of custody to the children under Canadian at the time of the retention that were breached by the retention; and (3) that Father was exercising his rights of custody to the children at the time of the retention, or would have been exercising his rights of custody but for the retention. Mother disputes every element of Father's prima facie case.

Father may rely upon the authority listed below in support of his prima facie case.

Treaties, Statutes and Rules

   i.   Hague Convention, preamble and articles 1, 3, 5, 12, 14, 16, 17

   ii.   ICARA § 9001 *et seq.*

   iii.   Fed. R. Civ. P. 44.1

Cases

   iv.   *Abbott v. Abbott*, 560 U.S. 1 (2010)

   v.   *Abou-Haidar v. Sanin Vazquez*, 945 F.3d 1208 (D.C. Cir. 2019)

4

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

vi. *Asvesta v. Petroutsas*, 580 F.3d 1000 (9th Cir. 2009)

vii. *Colchester v. Lazaro,* 16 F.4th 712 (9th Cir. 2021)

viii. *Cuellar v. Joyce*, 596 F.3d 505 (9th Cir. 2010)

ix. *E. Sussex Children Servs. v. Morris*, 919 F. Supp. 2d 721 (N.D. W. Va. 2013)

x. *Feder v. Evans-Feder*, 63 F.3d 217 (1995)

xi. *Gaudin v. Remis,* 282 F.3d 1178 (9th Cir. 2002)

xii. *Gomez v. Gonzalez*, 771 F. Supp. 3d 1150 (W.D. Wash. 2025)

xiii. *Holder v. Holder,* 305 F.3d 854 (9th Cir. 2002)

xiv. *In re ICJ*, 13 F.4th 753 (9th Cir. 2021)

xv. *Lozano v. Montoya Alvarez*, 572 U.S. 1 (2014)

xvi. *Monasky v. Taglieri*, 589 U.S. 68 (2020)

xvii. *Nisbet v. Bridger*, 124 F.4th 577 (9th Cir. 2024)

xviii. *Nelson v. Petterle*, 782 F. Supp. 2d 1081 (E.D. Cal. 2011)

xix. *Palencia v. Perez*, 921 F.3d 1333 (11th Cir. 2019).

xx. *Papakosmas v. Papakosmas*, 483 F.3d 617 (9th Cir. 2007)

xxi. *Radu v. Shon*, 62 F.4th 1165 (9th Cir. 2023) ("*Radu III*")

xxii. *Redmond v. Redmond*, 724 F.3d 729 (7th Cir. 2013)

xxiii. *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338 (5th Cir. 2004)

xxiv. *Walker v. Walker*, 701 F.3d 1110 (7th Cir. 2012)

xxv. *Whallon v. Lynn,* 230 F.3d 450 (1st Cir. 2000)

Other Authority

5

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

xxvi.   Eliza Perez-Vera, Explanatory Report: Hague Convention on Private International Law, in 3 Acts and Documents of the Fourteenth Session (1980)

xxvii.   Hon. James D. Garbolino, *The 1980 Hague Convention on the Civil Aspects of International Child Abduction – A Guide for Judges* (3d. ed. 2023)

xxviii.   United States Department of State Legal Analysis, 51 Fed. Reg. 10494 (1986)

### 2.   Respondent's Discretionary Exceptions

There are certain narrow discretionary exceptions to return under the Convention which, if asserted and established by a respondent might allow a court in its discretion to decline to return a child. *See* Convention arts. 13 and 20. Mother here asserts one exception: the article 13*b* grave risk exception to return. The article 13*b* exception must be established by clear and convincing evidence. ICARA at § 9003(e)(2).

Father may rely upon the following authority in opposition to Mother's asserted exception:

Treaties, Statutes and Rules

i.   Hague Convention, article 13

ii.   ICARA § 9001 *et seq*.

Cases

iii.   *Aubert v. Poast*, No. 24-cv-926-jdp (W.D. Wis. Sept. 18, 2025), *appeal docketed*, No. 25-2732 (6th Cir., Oct. 1, 2025)

iv.   *Colchester v. Lazaro,* 16 F.4th 712 (9th Cir. 2021)

v.   *Cuellar v. Joyce*, 596 F.3d 505 (9th Cir. 2010)

vi.   *Golan v. Saada*, 596 U.S. 666 (2022)

6

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

vii. *Gomez v. Fuenmayor,* 812 F.3d 1005 (11th Cir. 2016)

viii. *Nowlan v. Nowlan*, 543 F. Supp. 3d 324 (W.D. Va. 2021)

ix. *Radu v. Shon*, 62 F.4th 1165 (9th Cir. 2023) ("*Radu III*")

x. *Wertz v. Wertz,* 2018 WL 1575830 (No. 7:18-cv-00061. W.D.Va., Mar. 30, 2018)

Other Authority

xi. Eliza Perez-Vera, Explanatory Report: Hague Convention on Private International Law, in 3 Acts and Documents of the Fourteenth Session (1980)

xii. Hon. James D. Garbolino, *The 1980 Hague Convention on the Civil Aspects of International Child Abduction – A Guide for Judges* (3d. ed. 2023)

xiii. United States Department of State Legal Analysis, 51 Fed. Reg. 10494 (1986)

**3. Ameliorative Measures**

Courts may consider imposing ameliorative measures (also known as protective measures), in Hague Convention cases in which the article 13*b* exception to return is asserted by a respondent. The concept of ameliorative measures is meant to reconcile the competing interests of preventing wrongful removals and retentions and protecting the safety of children by considering the inclusion of ameliorative measures in return orders, to mitigate the potential risk of harm occasioned by the child's repatriation.

Father may rely upon the following authority with respect to ameliorative measures:

i. *Golan v. Saada,* 142 S. Ct. 1880 (2022)

ii. *Radu v. Shon*, 11 F.4th 1080, 1089 (9th Cir. 2021) ("*Radu I*")

iii. *Radu III*

7

PRETRIAL ORDER
(2:26-cv-00345-JHC)

iv.    *Simcox v. Simcox*, 511 F.3d 594, 605 (6th Cir. 2007)

### 4.    Washington State Court Orders

Article 17 of the Hague Convention expressly provides that "[t]he sole fact that a decision relating to custody has been given or is entitled to recognition in the Requested State (here the United States of America) *shall not* be a ground for refusing to return a child under this Convention. Convention, art. 17 (emphasis added).

The Hague Convention is a treaty and is the supreme law of the land. Under well-settled principles of law, this Court is therefore strictly bound by article 17 of the Hague Convention. Accordingly, this Court cannot deny the Father's Hague Convention case on the sole basis that an order relating to custody exists in the Washington State Court. *Id*. Under article 17 of the Convention, a parent who wrongfully removes or retains a child cannot insulate the child from the Convention's return provisions by obtaining a state court custody order. United States Department of State Legal Analysis, 51 Fed. Reg. 10494, 10504-05.

The Seventh Circuit decided the leading case on exactly this legal issue. *Walker v. Walker*, 701 F.3d 1110, 1116 (7th Cir. 2012). The Seventh Circuit instructs in *Walker* that article 17 of the Hague Convention "qualifies the finality of any state-court custody judgment and thus ensures that there is still a live controversy before the federal court." *Id*. It further instructs that when habitual residence is disputed in a Hague Convention case:

> Until that question is resolved, we cannot say which country's courts have the power to resolve the issue of custody. As Article 17 of the Convention implies, the antecedent question must be answered before we know what weight to give to the judgment of the Illinois court.

8

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

*Id.*

The Seventh Circuit explains that this approach "makes sense, given the purpose of the Convention." *Id.* It explains that accepting a position whereby an abducting parent could "render a petition for return moot by racing to a courthouse in her chosen country to obtain a custody judgment would turn the Convention on its head." *Id.* The Seventh Circuit recognizes that "[t]he entire purpose of the Convention is to deter parents from absconding with their children and crossing international borders in the hopes of obtaining a favorable custody determination in a friendlier jurisdiction." *Id.* (citations omitted). Considering a Hague Convention case moot based on the existence of any state court custody judgments would "encourage the very sort of jurisdictional gerrymandering the Convention was designed to prevent." *Id.* The Washington State Court orders in this case therefore have no bearing on this Court's habitual residence analysis.

**5.    Authority for Independent Sexual Abuse Investigation**

In Mother's Expert Disclosures, she alleged for the first time in this litigation that Father has sexually abused Mother's older daughter, (Father's step-daughter; age 17; not the subject of this case). Mother did not allege sexual abuse in her Answer (Dkt. # 32), or in her Initial Disclosures served on May 5, 2026, or in her Answers to Interrogatories served on May 14, 2026.

Father seeks to exclude Mother's two proposed experts from testifying—Dr. Landon Poppleton for not meeting *Daubert* standards, and Dr. Jeffrey L. Edelson for failure to produce a report. *See* Section G *infra*. Mother has not proposed offering any forensic evidence through either of her experts in support of her position that sexual abuse has occurred. She proposes only that her older daughter,

9

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

A.M.N., be interviewed by the Court in chambers. (Dkt. #48). Father opposes Mother's motion for in-chambers only testimony. (Dkt. #51).

In the event the Court requires a forensic investigation in this circumstance, the Court has authority to appoint an independent investigator. In *Nowlan v. Nowlan*, a Hague Convention case in the Western District of Virginia, the respondent-mother alleged the petitioner-father had committed sexual abuse against the child at issue but did not present any forensic evidence relating to the allegations of child sexual abuse. 543 F. Supp. 3d 324, 330 (W.D. Va. 2021). At the conclusion of the evidentiary hearing, the court therefore appointed two independent experts to conduct a neutral forensic evaluation of the child under Fed. R. Civ. P. 706. Order of Appointment at 2, Feb. 5, 2021, ECF No. 74. The same mechanism is available here, if after the evidentiary hearing the court concludes that a forensic evaluation is necessary for the Court to evaluate Mother's allegations and her article 13*b* alleged exception.

### 6.     Article 30 Self-Authentication and Admissibility of Documents

Article 30 of the Hague Convention provides that:

> [a]ny application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of the Convention, along with documents and other information appended thereto or provided by a Central Authority, *shall be admissible* in the courts or other administrative authorities of the Contracting States.

Convention, art. 30 (emphasis added).

ICARA further provides that no authentication of any such documents moved into evidence by the Father is required. ICARA § 9005; *see also Ngassa v. Mpafe*, 488 F. Supp. 2d 514, 518, n.3 (D. Md. 2007). "ICARA bypasses the authentication requirement '[w]ith respect to any application to the

10

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

United States Central Authority, *or any petition to a court*.' 22 U.S.C. § 9005." *Nowlan v. Nowlan,* 543 F. Supp. 3d 324, 356 (W.D. Va. 2021) (emphasis in original).

### 7.   Other Evidentiary Points of Law

Father incorporates by reference herein the pending and forthcoming motions in limine, and the oppositions thereto:

      i.   Father's Motion in Limine (*Daubert* motion regarding Mother's proposed expert Dr. Landon Poppleton), Dkt. # 47; Mother's opposition not yet filed.

      ii.   Father's forthcoming Motion in Limine (exclusion of Mother's proposed expert Dr. Jeffrey L. Edelson for failure to produce a report).

### RESPONDENT

### 1.   Petitioner's Prima Face Case

Respondent disputes whether Petitioner can establish the elements necessary to prove a prima facie case under the Hague Convention, including disputed issues regarding the children's alleged habitual residence, the existence and exercise of custody rights, and whether any alleged retention was wrongful within the meaning of the Convention. Petitioner bears the burden of proving the elements of his prima facie case by a preponderance of the evidence. See 22 U.S.C. § 9003(e)(1)(A); *Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir. 2010).

Respondent disputes Petitioner's prima facie case under the Hague Convention, including allegations regarding habitual residence, wrongful retention, custody rights, and the exercise of custody rights.

Treaties, Statutes and Rules

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

    i.    Hague Convention, preamble and articles 1, 3, 5, 12, 14, 16, 17

    ii.   ICARA § 9001 *et seq*.

    iii.  Fed. R. Civ. P. 44.1

Cases

    iv.   *Abbott v. Abbott*, 560 U.S. 1 (2010)

    v.    *Abou-Haidar v. Sanin Vazquez*, 945 F.3d 1208 (D.C. Cir. 2019)

    vi.   *Asvesta v. Petroutsas*, 580 F.3d 1000 (9th Cir. 2009)

    vii.  *Colchester v. Lazaro*,  16 F.4th 712 (9th Cir. 2021)

    viii. *Cuellar v. Joyce*, 596 F.3d 505 (9th Cir. 2010)

### 2.    Respondent's Article 13(b) Grave Risk Defense

Under Article 13(b) of the Hague Convention, the Court is not required to order return of a child where the respondent establishes, by clear and convincing evidence, that returning the child would expose the child to a grave risk of physical or psychological harm or otherwise place the child in an intolerable situation. Hague Convention, art. 13(b); ICARA § 9003(e)(2).

Respondent asserts that the evidence will establish that return of the children to Canada would expose the children to a grave risk of physical and psychological harm arising from coercive control, emotional, physical, and sexual abuse, intimidation, unsafe living conditions, alcohol abuse, firearm-related safety concerns, and ongoing fear-based family dynamics within the family home.

Respondent further asserts that, in the event the Court determines that grave risk exists as to A.N. or the non-joint older children, separating the joint minor children from their older siblings would itself

12

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

create a grave risk of emotional and psychological harm to the joint minor children. See *Aubert v. Poast*, No. 24-cv-926-jdp (W.D. Wis. Sept. 18, 2025), *appeal docketed*, No. 25-2732 (6th Cir., Oct. 1, 2025).

Respondent may rely upon the following authorities:

Treaties, Statutes and Rules

    i.   Hague Convention, article 13(b)

    ii.  ICARA § 9003(e)(2)

Cases

    iii.  *Golan v. Saada*, 596 U.S. 666 (2022)

    iv.  *Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir. 2010)

    v.  *Van De Sande v. Van De Sande*, 431 F.3d 567 (7th Cir. 2005)

    vi.  *Khan v. Fatima*, 680 F.3d 781 (7th Cir. 2012)

    vii. *Gil-Leyva v. Leslie*, 780 F. App'x 580 (10th Cir. 2019)

    viii.  *Blondin v. Dubois*, 238 F.3d 153 (2d Cir. 2001)

    ix.  *Aubert v. Poast*, No. 24-cv-926-jdp (W.D. Wis. Sept. 18, 2025), *appeal docketed*, No. 25-2732 (6th Cir., Oct. 1, 2025)

**3.    Ameliorative Measures**

In Hague Convention proceedings involving an asserted Article 13(b) grave-risk defense, courts may consider whether adequate ameliorative or protective measures exist that would sufficiently mitigate any grave risk associated with return. See *Golan v. Saada*, 142 S. Ct. 1880 (2022). Respondent disputes that adequate ameliorative measures exist under the facts and circumstances presented in this

13

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

case and contends that no proposed measures would sufficiently protect the children from the risk of physical or psychological harm upon return to Canada.

Respondent may rely upon the following authorities:

i.   Hague Convention, article 13(b)

ii.  *Golan v. Saada*, 142 S. Ct. 1880 (2022)

iii. *Radu v. Shon, 62 F.4th 1165 (9th Cir. 2023)*

iv.  *Simcox v. Simcox*, 511 F.3d 594 (6th Cir. 2007)

v.   Valentina Shaknes & Jeffrey L. Edleson, *Protective Measures and their Inability to Protect Against Domestic Violence* (2024).

vi.  Merle H. Weiner, *How Judges Can Apply the Hague Abduction Convention to Protect Victims of Domestic Violence*, 28 UCLA Women's L.J. 223 (2021).

4.      **Washington State Court Orders**

Mother agrees with Father's analysis regarding the Washington State Court orders as to the Order being used to prove habitual residence in the Hague Convention. However, that is not the purpose of offering the Order. Mother offers the Order, Respondent's Exhibit no. 545, not for the purposes of defending Father's arguments as to habitual residence, but for the purposes of the Court's findings under section 5, Basis and Type of Protection Order, subsection (B), that:

> Based upon the petition, testimony, case record, and response, if any, the court finds by a preponderance of evidence that the protected person (or petitioner on their behalf) has proved the required criteria for the following protection order under chapter 7.105 RCW…Domestic Violence Protection Order- The restrained person has subjected the protected person to domestic violence: physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control;

14

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

unlawful harassment; or stalking. (For intimate partners or family or household members only)."

[Protection Order at 4.] In Exhibit 545, found at page one (1), Petitioner in the Whatcom County Order is Alexi Speedie, and Respondent is David Speedie, who is therefore the "restrained person." This finding, when combined with the additional evidence Mother will set forth in trial, supports Mother's defense of grave risk pursuant to Article 13b. Additionally, Father stipulates to the authenticity and the admission of Mother's Exhibit no. 545, Order for Protection – in Whatcom County Court Case No. 25-2-02128-37, dated November 24, 2025.

Further, in a Hague Convention case, *Staggers v. Timmerman*, heard in the Southern District of Iowa, regarding the return of a minor child to Mexico, the District Court referenced, in its ultimate denial of Petitioner's Petition to return the children, the use of an Iowa state court protective order for domestic abuse issued the same month as Staggers' ("Petitioner's") filing in the Hague case. 746 F. Supp. 3d 635, 640 (S.D. Iowa 2024). In this case, Timmerman ("Respondent"), alleged defenses under Article 13b of both acquiescence and grave risk. *Id.* at 640. The Court in *Staggers* used the state court order to help in its analysis of Respondent's acquiescence defense. While the Court's analysis of the grave risk defense did not explicitly mention the Iowa state court Order, that Court stated, "[t]he record in this case paints a disturbing picture of an unstable and violent relationship between the parties and as such, a volatile environment for [the child]." *Id*. at 643.

The Court in *Staggers* continued to conclude that the child "was not, nor could she have been, effectively shielded from the psychological and physical violence occurring between the parties. At a minimum, it is evident that returning [the child] to Mexico would subject her to an intolerable situation. The Court agrees with the finding in the Report and Recommendation. Even if the evidence

15

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

did not establish direct physical abuse of [the child] by Staggers, the surrounding circumstances and magnitude of the potential harm constitute grave risk. Notwithstanding her habitual residence, the Hague Convention would not require [the child's] return." *Id.*

As stated in *Staggers*, and as is true here, under a grave risk defense, a court should not return a child to a situation in cases "involving serious abuse or neglect." *Vasquez v. Colores*, 648 F.3d 648 (8th Cir. 2011) (citing *Silverman v. Silverman*, 338 F.3d 886, 900 (8th Cir. 2003)). "The key inquiry is 'the gravity of risk' facing the child. *Babcock v. Babcock*, 503 F. Supp. 3d 862, 882 (S.D. Iowa 2020) (quoting *Acosta v. Acosta*, 725 F.3d 868, 876 (8th Cir. 2013)). This analysis focuses on 'the probability of harm, but also the magnitude of the harm if the probability materializes.' *Id.*" *Staggers*, 746 F. Supp 3d at 643. The Court states in its analysis, "[c]onsidering the impact of domestic violence in the home on [the child], the Report and Recommendation supports a finding of grave risk." *Id*. Therefore, Mother is utilizing the Washington state court order for purposes of supporting her grave risk defense.

> 5. **Authority for Independent Sexual Abuse Investigation**

In *Nowlan v. Nowlan*, the West Virginia District Court Hague Convention case cited by Petitioner as support for an "Independent Sexual Abuse Investigation," the child was age five (5) at the time of the case. The child's allegations were suspected based on physical evidence and statements from the child. The child was not a 17-year-old, as we have in our case. AKN, the 17 year old daughter of Respondent (Petitioner's step-daughter), is able to articulate facts on her own and testify competently. Additionally, the Court in *Nowlan* found the Respondent to not be credible. There are no allegations as to the credibility in the instant case as to Respondent, nor her daughter.

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

Under Article 13b, the defense of grave risk, exists when "his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." In Mother's response to Father's interrogatories, sent on May 14, 2026, Mother wrote:

> Respondent has documented at length Petitioner's abusive behavior towards the children and herself, as well as to her oldest daughter, *AN*. Respondent kept records of Petitioner's physical, emotional, and psychological abuse, including in past journal entries, text messages, and emails. Additionally, there are numerous people who can report their own observations, having witnessed Petitioner's physical aggression, threats, intimidation and assaults. Police interviews with the children contain facts that support these claims. There is also a current Washington State Domestic Violence Protection Order protecting the children and Respondent from Petitioner.

[Respondent's Response to Petitioner's Interrogatories to Respondent, at 7, (emphasis added).] So, Petitioner has been on notice of these allegations since well before this Hague litigation began, and also throughout this litigation, as there have been numerous references to the Protective Order in the Washington Case. [ECF 54, Respondent's Exhibit no. 545]. Respondent's Declaration in the parties' Washington State case, Declaration of Respondent in Whatcom County Court Case No. 25-2-02128-37, dated October 9, 2025, very clearly stated allegations of sexual abuse by Petitioner to AKN [Respondent's Exhibit no. 506.] Also, not only did Respondent send the Declaration in discovery for this case on May 18, 2026, but Petitioner was made aware of the Declaration back in October 2025. *Id.* Additionally, Petitioner's ("Father's") own Pretrial Statement, filed May 26, 2026, acknowledged that the Whatcom County Case, number 25-2-021287-37, was filed on October 9, 2025. [54 at 3]. So, when Mother mentions "abusive behavior towards…her oldest daughter, AN," in her responses to the interrogatories, Father is well aware of the specific nature of the abuse reported.

17

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

Sexual abuse of a minor child in the care of the Father is absolutely relevant as to a defense of grave risk of harm for the parties' joint, minor children. AKN began to live with Father when she and her mother moved in with him, when she was approximately eight (8) years old. The Court will hear testimony that the family moved into a home that was approximately 380 square feet, with little to no privacy, and Father had access to AKN daily, while she was both a child, adolescent and teenager. These behaviors by Father are extremely dangerous to any child.

Additionally, Dr. Poppleton's report, disclosed to Father within Mother's Expert Witness Disclosures on May 15, 2026, mentioned that AKN "reported emotional experiences consistent with posttraumatic stress disorder, citing further (and consistent with her Mother's reports of the same) that her stepfather sexually molested her for many years." [47-1 at 12.] Dr. Poppleton's report continued with AKN's description in explicit detail about the sexual molestation that she underwent by Father from the age of 8 to the age of 16. *Id*. AKN was also interviewed and disclosed allegations of a sexual nature at the Brigid Collins Children's Advocacy Center, by Forensic Interviewer Liliana Mendoza, as documented in the Whatcom County Sheriff's Office Police Report, Respondent's Exhibit no. 535, authored by Detective Sergeant Ken Gates, that was discovered to Father on May 18, 2026. Mother's minor child has now been interviewed numerous times in excruciatingly specific details about the nature of the sexual abuse at the hands of Father. The statements have all remained consistent. Further, there has been no determination by the Court as to the credibility of either AKN, Mother, or Mother's experts and therefore a neutral evaluator is not necessary.

Again, in contrast to *Nowlan*, the victim here, AN, is of an age and competency in which she can testify to these egregious acts committed by Father over the span of almost a decade. Respondent's

18

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

counsel made the simple request that she not be forced to be subjected to the inevitable stare of Petitioner during her testimony, by seeking in chambers questioning. There is no allegation as to AN's competency or credibility. Finally, there is no motion pending as to a request for a court-appointed expert witness, as outlined in Fed. R. Civ. P. 706, and therefore, no neutral evaluator need be appointed.

### 6.    Admissibility of Documents

22 U.S.C. § 9005 provides:

> With respect to any application to the United States Central Authority, or any petition to a court under section 9003 of this title, which seeks relief under the Convention, or any other documents or information included with such application or petition or provided after such submission which relates to the application or petition, no authentication of such application, petition, document, or information shall be required in order for the application, petition, document, or information to be admissible in court.

The statute addresses authentication requirements for documents submitted in connection with a Hague Convention petition. It does not eliminate hearsay objections or otherwise permit the automatic admission of affidavits, declarations, or unsworn statements at a contested evidentiary hearing or trial. Although Hague Convention proceedings may, in some circumstances, proceed in a summary manner, courts have recognized that the Federal Rules of Evidence continue to apply, especially an evidentiary hearing is held. Respondent therefore reserves all evidentiary objections under the Federal Rules of Evidence, including objections based on hearsay, relevance, foundation, prejudice, and reliability.

Respondent may rely upon the following authorities:

19

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

i. *Amsalem v. Amsalem*, No. 1:19-cv-119-RP, 2019 U.S. Dist. LEXIS 218812, at *11 (W.D. Tex. Dec. 20, 2019).

ii. *Danaipour v. McLarey*, 386 F.3d 289, 301 (1st Cir. 2004); Jacquety v. Baptista, 538 F. Supp. 3d 325, 339 n.8 (S.D.N.Y. 2021).

iii. *Luedtke v. Luedtke-Thomsen*, No. 1:12-CV-750, 2012 U.S. Dist. LEXIS 90584 at *2 (S.D. Ind. June 29, 2012).

iv. *Karkkainen v. Kovalchuk,* 445 F.3d 280, 285 (3d Cir. 2006).

### EXPERT WITNESSES

(a)   No limitation is requested as to the number of expert witnesses, except as already provided by virtue of the Court's Scheduling order setting expert witness disclosure deadlines.

Father has filed a Motion in Limine (*Daubert* motion) regarding Mother's proposed expert Dr. Landon Poppleton, Dkt. # 47; Mother's opposition has not yet been filed.

Father intends to timely file a Motion in Limine seeking the exclusion of Mother's proposed expert Dr. Jeffrey L. Edelson for failure to produce a report.

(b)   The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)         On behalf of Petitioner:

Peter J. Favaro, Ph.D. – Rebuttal Expert
617 Port Washington Boulevard
Port Washington, NY 11050

Subject Matter: Dr. Favaro may testify in rebuttal to Respondent's designated experts, Dr. Landon Poppleton and Dr. Jeffrey L. Edelson. Petitioner has filed a Daubert motion as to Dr. Poppleton. Petitioner will file a timely an objection and motion in limine as to Dr. Edelson under Rules 26(a) and 37 for failure to produce a report containing Dr. Edelson's opinions.

(2)         On behalf of Respondent:

20

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

Landon Poppleton, Ph.D., JD
814 NE 87th Ave,
Vancouver, WA 98664

Subject Matter: Dr. Poppleton is expected to testify regarding the opinions and conclusions set forth in his expert report, including trauma, coercive control, family dynamics, domestic violence-related harm, and the emotional and psychological impact of the children's exposure to the home environment at issue in this matter.

Jeffrey L. Edelson, Ph.D.
University of California,
120 Haviland Hall,
Berkeley CA 94720

Subject Matter: Dr. Edelson is expected to testify regarding research and professional opinions concerning children's exposure to domestic violence, coercive control, trauma, family violence dynamics, and the resulting risk of physical and psychological harm to children. Dr. Edelson is further expected to testify regarding whether return of the children to Canada would expose the children to a grave risk of physical or psychological harm or otherwise place the children in an intolerable situation within the meaning of Article 13(b) of the Hague Convention.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

## **PETITIONER**

Father intends to call the following witnesses to testify during his case-in-chief:

A.      Petitioner Dave Neil Speedie

Status: Will testify remotely

Subject Matter: Father will testify with regard to all facts set forth in his Verified Amended Petition for Return of Children to Canada & For Expedited Relief and all relevant averments made in Mother's Answer. Father will testify with regard to all facts to establish that: (1) the children's habitual residence is Canada and was so on the date that Mother retained the children in the United States; (2) Mother's retention of the children in the United States was in breach of Father's rights of custody under Canadian

PRETRIAL ORDER
 (2:26-cv-00345-JHC)

law at the time of the retention; and (3) Father had been exercising his rights of custody at the time of Mother's retention of the children.

B.    Petitioner's Mother, Lorri Sawatsky
      398 Duclie Road Gambier Island BC V0N 1V0, Canada

Status: May testify remotely

Subject Matter: Ms. Sawatsky will testify with regard to facts set forth in Father's Verified Amended Petition for Return of Children to Canada & For Expedited Relief and relevant averments made in Mother's Answer. Ms. Sawatsky will testify with regard to facts to establish that: (1) the children's habitual residence is Canada and was so on the date that Mother retained the children in the United States; (2) Mother's retention of the children in the United States was in breach of Father's rights of custody under Canadian law at the time of the retention; and (3) Father had been exercising his rights of custody at the time of Mother's retention of the children.

C.    Petitioner's Son, Oliver Speedie
      6454 Lost Dog Forest Road TaTa Creek BC V0B 2H0 Box 136, Canada

Status: Will testify in person

Subject Matter: Mr. Speedie will testify with regard to facts set forth in Father's Verified Amended Petition for Return of Children to Canada & For Expedited Relief and relevant averments made in Mother's Answer. Mr. Speedie will testify with regard to facts to establish that: (1) the children's habitual residence is Canada and was so on the date that Mother retained the children in the United States; (2) Mother's retention of the children in the United States was in breach of Father's rights of custody under Canadian law at the time of the retention; and (3) Father had been exercising his rights of custody at the time of Mother's retention of the children.

D.    Fraser MacLean – Affiant of Canadian Law
      MacLean Law
      2900-1021 West Hastings Street
      Vancouver, British Columbia
      V6E 0C3
      Canada

Status: Affidavit Only. The Petitioner will present Mr. MacLean's Affidavit of Canadian Law, which was electronically filed on May 15, 2026 (Dkt. #46), in accordance with this Court's Scheduling Order, article 14 of the Hague Convention, paragraph 101 of the Perez Vera Report, Federal Rule of Civil Procedure 44.1, *Whallon v. Lynn*, 230 F.3d 450,

22

458 (1st Cir. 2000), *Radu v. Shon,* 62 F.4th 1165, 1173 (9th Cir. 2023), and this Court's Order Denying Mother's Motion to Compel (Dkt. #52).

Subject Matter: Father's rights of custody under Canadian law; ameliorative measures.

## RESPONDENT

Respondent intends to call the following witnesses:

    a.   Respondent, Alexi Dawn Speedie
        5957 Longdin Road, Ferndale,
        Washington 98248
        Estimated Testimony Time: 2 hours

        Subject Matter: May testify regarding all matters before the Court relating to the Petition and Answer, and associated claims and defenses.
Will testify regarding the children's living conditions in Canada, family dynamics, Petitioner's conduct, and matters relevant to Respondent's Article 13(b) grave-risk defense.

    b.   Petitioner, Dave Neil Speedie
        6454 Lost Dog Forest Road,
        TaTa Creek, B.C. V0B 2H0,
        Canada
        Estimated Testimony Time: 1.5 hours

        Subject Matter: May testify regarding all matters before the Court relating to the Petition and Answer, and associated claims and defenses.

    c.   Non-party minor child, A.N.
        5957 Longdin Road, Ferndale, Washington 98248
        Estimated testimony time: 30 minutes

        Subject Matter:  Will testify regarding the children's experiences, wellbeing, and matters relevant to the grave-risk defense.

    d.   Respondent's Father, Carl Johnson
        5957 Longdin Road, Ferndale,
        Washington 98248
        Estimated testimony time: 30 minutes

PRETRIAL ORDER
(2:26-cv-00345-JHC)

Subject Matter: Will testify regarding family dynamics, the children's wellbeing, and observations relevant to the grave-risk defense.

e.  Respondent's Mother, Nancy Johnson
5957 Longdin Road, Ferndale,
Washington 98248
Estimated testimony time: 15 minutes

Subject Matter: Will testify regarding the children's living conditions in Canada, family dynamics, and matters relevant to the grave-risk defense.

f.  Petitioner's former spouse's current spouse, Sergio Velez
1660 Lacle Jeure Road, Kamloops,
B.C. V1S 172, Canada
Estimated testimony time: 15 minutes

Subject Matter: Will testify regarding personal observations of Petitioner's conduct and family dynamics.

g.  Friend of Respondent, Det Harasuik
Address: PO Box 769, Wasa, B.C. V0B2K0
Estimated testimony time: 15 minutes

Subject matter: Will testify regarding observations of the property, living conditions in Canada, and matters relevant to the grave-risk defense.

h.  Friend of Respondent, Audrene Harasuik
Address: PO Box 769, Wasa, B.C. V0B2K0
Estimated testimony time: 15 minutes

Subject Matter: Will testify regarding observations of the children, family dynamics, and matters relevant to the grave-risk defense.

i.  Treating Psychologist, Jayme D. Fergoda, Ph.D., LICSW
1313 E Maple St UNIT 224, Bellingham, WA 98225
Estimated testimony time: 30 minutes

Subject Matter: Treating psychologist for the minor children; expected to testify regarding the children's emotional wellbeing, trauma-related symptoms, and psychological functioning.

24

PRETRIAL ORDER
(2:26-cv-00345-JHC)

**EXHIBITS**

**PETITIONER**

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 1 | Birth Certificate – L.S. (born in June 2018) [Bates No. DS000264] | Stipulated | Stipulated | | |
| 2 | Birth Certificate – I.S. (born in September 2024) [Bates No. DS000263] | Stipulated | Stipulated | | |
| 3 | Photographs of L.S. and I.S. [Bates No. DS000082; DS001608-001609] | Stipulated | Stipulated | | |
| 4 | Parties' Loan Request and Home Construction Plan for First Family Home – May 2018 [Bates No. DS000741] | Stipulated | Disputed | 802 | |

25

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 5 | Loan Agreement with Respondent's Grandmother for Construction of First Family Home May 2018 [Bates No. DS000739] | Stipulated | Disputed | 802 | |
| 6 | Loan Agreement Modification November 18, 2018 [Bates No. DS000738] | Stipulated | Disputed | 802 | |
| 7 | Registration of Parties' Land Purchase in Ta Ta Creek, British Columbia for New Family Home November 2, 2020 [Bates Nos. DS000745-000746] | Stipulated | Disputed | 802 | |
| 8 | Provincial Court of British Columbia Consent Order – Petitioner's Two Older Children C.B.S. (born in 2010) and Oliver D.S. Speedie (age 19; born in 2006) Entered June 28, 2021 [Bates Nos. DS001597-001599] | Stipulated | Disputed | 401 | |

26

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 9 | Respondent's Family Newsletter with Photographs of Family Reunion in TaTa Lake to Build Parties' Home June 2023 [Bates Nos. DS000755-000789] | Stipulated | Disputed | 401; 802 | |
| 10 | Father's Day Card from Respondent to Petitioner – June 16, 2024 [Bates Nos. DS000265-000266] | Stipulated | Stipulated | | |
| 11 | Canadian Revenue Agency Canada Child benefit and BC Family Benefit Notice – Issued September 20, 2024 [Bates Nos. DS001603-001607] | Disputed | Disputed | 802 | |
| 12 | Respondent's Renewed Canadian Driver's License – October 14, 2024 [Bates No. DS000734] | Stipulated | Stipulated | | |
| 13 | Photographs of Children and Family in Canada – 2018-2025 [Bates Nos. DS000790-000799] | Stipulated | Stipulated | | |

27

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 14 | Certificate of Insurance – Canadian Automobile Insurance Policy Covering Respondent – April 2026 Policy Renewal [Bates No. DS000733] | Disputed | Disputed | 802 | |
| 15 | Text Messages Between Petitioner and Respondent July 21, 2024-May 6, 2025 [Bates Nos. DS001277-001343] | Stipulated | Stipulated | | |
| 16 | Emails Between Petitioner and Respondent June 13, 2025- August 15, 2025 [Bates Nos. DS000875-000904] | Stipulated | Stipulated | | |
| 17 | Demand Letter From Respondent's Mother for Payment of 2018 Loan Balance in Full August 5, 2025 [Bates Nos. DS000735-000737] | Disputed | Disputed | 802; 401 | |

28

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 18 | Psychologist, Michael Sobocinski, Ph.D. Treatment Confirmation for 2025 and Invoice Confirming Ongoing Treatment in 2026 [Bates Nos. DS000086; 001347] | Stipulated | Stipulated | | |
| 19 | Hague Convention Application Submitted to the Delegated Central Authority of British Columbia, Canada (without attachments) November 24, 2025 [Bates Nos. DS000031-000037] | Stipulated | Disputed | 1002 | |
| 20 | United States Department of State Letter to Whatcom County Superior Court December 5, 2025 [Bates Nos. DS000077-000079] | Disputed | Disputed | 802 | |
| 21 | Kimberly Royal Canadian Mounted Police Information Check October 22, 2025 (Submitted with Hague Application) [Bates Nos. DS000083-000085 | Disputed | Disputed | 802 | |

29

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 22 | Petitioner's *Pro Se* Petition for Return of Children to Canada Dkt. # 1 January 26, 2026 | Stipulated | Stipulated | | |
| 23 | Petitioner's Motion for Leave to File Amended Petition for Return Dkt. #20 March 28, 2026 | Stipulated | Stipulated | | |
| 24 | Petitioner's Amended Petition for Return Dkt. # 26 April 21, 2026 | Stipulated | Stipulated | | |
| 25 | Respondent's Answer to Amended Petition for Return Dkt. # 32 April 24, 2026 | Stipulated | Stipulated | | |
| 26 | Respondent's Journal Entries [Bates Nos. DS000802-000839; DS001600-001602] | Stipulated | Stipulated | | |
| 27 | Respondent's Letters to Petitioner [Bates Nos. DS000800-000801; 000816-000821] | Stipulated | Stipulated | | |

30

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 28 | Text Messages Between Petitioner, Respondent, and A.M.N. (Respondent's 17-year-old daughter) [Bates Nos. DS001353-001368] | Stipulated | Disputed | 802 | |
| 29 | Affidavit of Canadian Law – Fraser MacLean (Dkt. # 46) | Disputed | Disputed | 802; Failure to comply with FRCP 26 | |
| 30 | *Curriculum Vitae* of Dr. Peter J. Favaro | Disputed | Disputed | 802; Failure to comply with FRCP 26 | |

**RESPONDENT**

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 501 | Whatcom County Court Case No. 25-2-0128-37 – Transcript of Proceedings 11/24/2025 | Stipulated | Disputed | 802 (except for Petitioner's statements) | |
| 502 | Text messages between Petitioner and Petitioner's mother, June 12, 2025 | Stipulated | Stipulated | | |
| 503 | AN's drawings (2) | Disputed | Disputed | 802 | |
| 504 | KN's drawings (2) | Disputed | Disputed | 802 | |
| 505 | LS's drawings (2) | Disputed | Disputed | 802 | |
| 506 | Declaration of Respondent in Whatcom County Court Case No. 25-2-02128-37, dated October 9, 2025 | Stipulated | Disputed | 802 | |

31

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 507 | Text Message from Petitioner to Respondent's parents, dated October 8, 2025 | Stipulated | Stipulated | | |
| 508 | Petitioner's handwritten letter to AN | Stipulated | Stipulated | | |
| 509 | Petitioner's email to Respondent, August 6, 2025 | Stipulated | Stipulated | | |
| 510 | Petitioner's handwritten letter to family | Stipulated | Stipulated | | |
| 511 | Photo – axe damage to kitchen counter | Stipulated | Stipulated | | |
| 512 | Photo – property in Canada (3) | Stipulated | Stipulated | | |
| 513 | Photo – Petitioner, Respondent, and children in Canada | Stipulated | Stipulated | | |
| 514 | Photo sheet of images from Respondent and family (7) | Stipulated | Stipulated | | |
| 515 | Photos of Respondent and children in Washington (10) | Stipulated | Disputed | 401 | |
| 516 | Photo – exposed insulation | Stipulated | Stipulated | | |
| 517 | Photo – RV | Stipulated | Stipulated | | |
| 518 | Photo – Shotgun hole in outhouse | Stipulated | Stipulated | | |
| 519 | Photo – washing dishes | Stipulated | Stipulated | | |
| 520 | Photo – Respondent's mother with IS | Stipulated | Stipulated | | |

32

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 521 | Photo – Respondent's father with IS | Stipulated | Stipulated | | |
| 522 | Social security card LS | Stipulated | Stipulated | | |
| 523 | Birth Certificates – IS and LS (2) | Stipulated | Stipulated | | |
| 524 | Capital One Letter – Respondent | Stipulated | Disputed | 401 | |
| 525 | Declaration of Respondent's Father dated October 9, 2025 | Stipulated | Disputed | 802 | |
| 526 | Email between Respondent and KN's father, dated November 3, 2024 | Stipulated | Disputed | 802 | |
| 527 | Email from AN to Respondent, dated June 19, 2025 | Stipulated | Disputed | 802 | |
| 528 | Emails from Petitioner to Respondent, dated June 26, 2025 | Stipulated | Stipulated | | |
| 529 | Emails from Petitioner to Respondent, dated July 16-17, 2025 | Stipulated | Stipulated | | |
| 530 | Emails from Petitioner to Respondent, dated August 5, 2026 | Stipulated | Stipulated | | |
| 531 | Email from Petitioner to Respondent, dated August 6, 2025 | Stipulated | Stipulated | | |

33

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 532 | Email from Petitioner to Respondent, dated August 8, 2025 | Stipulated | Stipulated | | |
| 533 | Email from Petitioner to Respondent, dated August 14, 2025 | Stipulated | Stipulated | | |
| 534 | Email from Petitioner to Respondent, dated August 15, 2025 | Stipulated | Stipulated | | |
| 535 | Police report interviews of Respondent and children – Whatcom County Sheriff's Office | Disputed | Disputed | 802 | |
| 536 | Respondent journal entries (2) | Stipulated | Disputed | 802 | |
| 537 | Text messages from Petitioner to Respondent's mother | Stipulated | Stipulated | | |
| 538 | Text Messages between Petitioner and Respondent's father | Stipulated | Stipulated | | |
| 539 | Treatment summaries of children by Dr. Jayme Fergoda | Stipulated | Disputed | 802 | |
| 540 | Dr. Poppleton Curriculum Vitae | Stipulated | Disputed | MIL | |
| 541 | Dr. Poppleton report dated May 15, 2026 | Stipulated | Disputed | 802 & MIL | |
| 542 | Dr. Poppleton disclosures dated May 15, 2026 | Stipulated | Disputed | MIL | |

34

PRETRIAL ORDER
(2:26-cv-00345-JHC)

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| 543 | Dr. Edleson Curriculum Vitae | Stipulated | Disputed | MIL | |
| 544 | Respondent's College Acceptance and 1098 | Stipulated | Disputed | 802 | |
| 545 | Order for Protection – in Whatcom County Court Case No. 25-2-02128-37, dated November 24, 2025 | Stipulated | Stipulated | | |

The Parties' Objection Code:

| E | | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
|---|---|---|
| F | | Lack of foundation |
| MIL | | Subject of Motion in Limine |

*Signature Page Follows*

**ACTION BY THE COURT**

(a)    This case is scheduled for trial without a jury on June 2, 3, and 4, 2026 at 9:00 a.m.

(b)    Trial briefs shall be submitted to the court on or before May 28, 2026 at 5:00 p.m. PDT.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

//
//
//
//
//
//

35

PRETRIAL ORDER
(2:26-cv-00345-JHC)

DATED this 29th day of May, 2026.


*John H. Chun*
John H. Chun
United States District Judge

FORM APPROVED


/s/ Kelly A. Powers
Stephen J. Cullen
Kelly A. Powers
Miles & Stockbridge P.C.
1201 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004
(202) 465-8374
(410) 773-9100 (e-fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

/s/ Katherine E. Coyle
Katherine E. Coyle
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
(410) 385-3487
(410) 385-3700 (e-fax)
kcoyle@milesstockbridge.com

*Pro Hac Vice Attorneys for Petitioner*

/s/ Molly Becker
Katrina Seipel, OSB No. 164793
Katelyn D. Skinner, OSB No. 105055
Molly Becker, OSB No. 211511
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
(503) 620-8900
(503) 620-4878 (fax)
kas@buckley-law.com
kds@buckley-law.com
MB@buckley-law.com

*Pro Hac Vice Attorneys for Respondent,
Alexi Dawn Speedie*

36

PRETRIAL ORDER
 (2:26-cv-00345-JHC)