UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVE NEIL SPEEDIE, | CASE NO. 2:26-cv-00345-JHC |
| Petitioner, | ORDER |
| v. | |
| ALEXI DAWN SPEEDIE, | |
| Respondent. | |

## I
### INTRODUCTION

This matter comes before the Court on Petitioner Dave Neil Speedie's Motion in Limine to Exclude Proposed Expert Jeffrey L. Edleson, Ph.D. Dkt. # 62. The Court has considered the motion, the response filed by Respondent Alexi Dawn Speedie (Mother) at Dkt. # 70, the rest of the file, and the governing law. For the reasons below, the Court GRANTS the motion.

## II
### BACKGROUND

On January 24, 2026, Father filed a petition under the International Child Abduction Remedies Act (ICARA), 22 U.S. §§ 9001–9011, the statute that implements the Hague Convention on the Civil Aspects of International Child Abduction (the Convention), Oct. 25,

ORDER - 1

1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49.  *See generally* Dkt. # 1 (original petition); Dkt. # 26 (amended petition).  Father seeks the return of his minor children, L.S. and I.S., from Washington, where they are presently in the custody of Respondent Mother.  *See id.* ¶¶ 12, 23.

On May 15, 2025, Mother served her expert witness disclosures and identified Dr. Edleson as a proposed witness.  *See* Dkt. # 62-1 at 3–4.  She stated: "This expert witness will not produce a report.  He will testify at trial."  *Id.* at 3.  Mother also disclosed Dr. Edelson's curriculum vitae to Father, though that document does not appear to have been submitted to the Court.  Mother also stated in the disclosure that

> Dr. Edleson will explain how research on children's exposure to domestic violence, including coercive control, presents a grave risk of psychological and physical harm as well as an intolerable situation for the two children who are the subject to this Hague petition.  Dr. Edleson will illustrate how [Father's] behavior creates a grave risk of exposure to psychological and physical harm to the [parties'] children and how separation from their siblings will create an intolerable situation for them.

*Id.*  Mother did not disclose any written report as part of this expert disclosure.

Father now moves to exclude Dr. Edleson, contending that Mother's failure to include a report violates Federal Rules of Civil Procedure 26 and 37.  Dkt. # 62.

### III
#### DISCUSSION

Under Rule 26, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  And "this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case[.]"  Fed. R. Civ. P. 26(a)(2)(B).  Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

ORDER - 2

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Mother contends that Dr. Edleson will not "*present evidence* under FRE 702, 703, or 705," but will testify as a "court educator on the topic of children's exposure to domestic violence." Dkt. # 70 at 2; *see also id.* at 3 (Dr. Edleson "will only testify in the role of a court educator on the topics he has expertise in, specifically, domestic violence and coercive control as creating a grave risk to children"). Thus, Mother argues, Dr. Edleson need not provide an expert report. *Id.*

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. As a sister court has put it, expert testimony is "testimony that a witness prepares, as opposed to testimony of what a witness observes," including "opinion testimony based upon a witness' analysis of facts using methods based on specialized knowledge." *Hynix Semiconductor Inc. v. Rambus Inc.*, 2009 WL 230039, at *11 (N.D. Cal. Jan. 27, 2009), *aff'd,* 645 F.3d 1336 (Fed. Cir. 2011).

ORDER - 3

It is clear to the Court that Mother intends to offer Dr. Edleson for expert testimony.  Dr. Edleson is—ostensibly, since the Court has not seen his CV—"qualified as an expert by knowledge, skill, experience, training, [and] education" about children's health when exposed to domestic violence.  Fed. R. Evid. 702.  In the witness disclosure, Mother said that Dr. Edleson would "explain how research on children's exposure to domestic violence, including coercive control, presents a grave risk of psychological and physical harm as well an intolerable situation for the two children who are the subject to this Hague petition."  Dkt. # 62-1 at 3.  There, Mother also referred to Dr. Edleson as an "expert witness."  *Id.*  Mother also disclosed what documents Dr. Edleson reviewed.  *Id*.  All this suggests that Dr. Edleson's testimony is "opinion testimony based upon a witness' analysis of facts using methods based on specialized knowledge," i.e., expert testimony.  *Hynix Semiconductor*, 2009 WL 230039, at *11.  In her opposition, Mother also argues that Dr. Edleson will testify "on the topics he has expertise in[.]"  Dkt. # 70 at 3.  Mother's invocation of the concept of "court educator" as opposed to expert witness is unavailing, since they strike the Court as the same thing.

Because Dr. Edleson's proposed testimony is that of an expert, Mother's disclosure of his identity should have been "accompanied by a written report[.]"  Fed. R. Civ. P. 26(a)(2)(B).  And because Mother has not shown that this failure was substantially justified or is harmless to Father, *see* Fed. R. Civ. P. 37(c)(1), his testimony should be excluded.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001) (affirming district court's exclusion of a proposed expert's testimony for failure to produce a written report for two and a half years); *Mabrey v. Wizard Fisheries, Inc.*, 2007 WL 1795033, at *2 (W.D. Wash. June 8, 2007) (excluding proposed expert for failure to provide an expert report).

ORDER - 4

## IV

### CONCLUSION

For the reasons above, the Court GRANTS Father's motion to in limine. Dkt. # 62. Dr. Edleson's testimony is excluded from the evidentiary hearing.

Dated this 1st day of June, 2026.

John H. Chun
United States District Judge

ORDER - 5